ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| EMMANUEL FUENTES ENRIQUEZ<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrida | KLRA202400215 | *Revisión* procedente de la Administración de Corrección y Rehabilitación<br><br>Caso Núm.:<br>Q-66-24<br><br>Sobre:<br>Remedio Administrativo |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de mayo de 2024.

Comparece Emmanuel Fuentes Enriquez (señor Fuentes Enriquez o recurrente) mediante un recurso de revisión para solicitarnos la revisión de una *Respuesta del Área Concernida* emitida el 28 de febrero de 2024 y notificada el 6 de marzo de 2024, por el Departamento de Corrección y Rehabilitación (en adelante, DCR).[1] Mediante la determinación recurrida, el DCR denegó una *Solicitud de Remedio Administrativo* presentada por el recurrente. Sobre dicha respuesta del área concernida, el recurrente solicitó la reconsideración, la cual, al momento en que se presentó el recurso ante nos no había sido resuelta, aunque sí, acogida.[2] Conforme a la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, este Tribunal tiene "la facultad para prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito

---

[1] Apéndice de la parte recurrida, a las págs. 8-9.
[2] *Id.,* a la pág. 13.

Número Identificador

SEN2024_____

de lograr su más justo y eficiente despacho [...]".[3] En consideración a ello, hemos decidido eximir a la parte recurrida de presentar un alegato en oposición.

Por los fundamentos que expondremos, se *desestima* el recurso por falta de jurisdicción.

I

Conforme surge del expediente, el 16 de febrero de 2024, el señor Fuentes Enriquez, quien es un confinado bajo la supervisión del DCR, solicitó que se le autorizara la entrada de una máquina para recortar cabello para uso personal.[4] Justificó esta petición bajo el pretexto de que este padecía de una condición dermatológica y por ello, requirió conservar la máquina bajo su posesión. Una vez presentada su solicitud, el 28 de febrero de 2024, notificada el 6 de marzo de 2024, el DCR emitió una *Respuesta del Área Concernida*.[5] La misma fue firmada por el superintendente Jorge Matta Francis y, mediante esta, se denegó la petición bajo el fundamento de que la institución contaba con un área de barbería.

En desacuerdo, el 25 de marzo de 2024, el recurrente presentó una *Solicitud de Reconsideración*.[6] En esta, sostuvo que la razón que motivaba su petición respondía a que a la hora que le correspondía realizar sus gestiones de aseo personal, era la misma hora en que cerraba la barbería. Así las cosas, el 16 de abril de 2024, el DCR emitió una *Respuesta de Reconsideración al Miembro de la Población Correccional*.[7] Es menester señalar que, **dicha notificación le fue entregada al recurrente el 19 de abril de 2024**.[8] De dicho documento surge que la agencia acogió la petición de reconsideración y que tendría **treinta (30) días laborables** para

---

[3] 4 LPRA Ap. XXII-B, R. 7 (B)(5).
[4] Apéndice de la parte recurrida, a las pág. 3.
[5] *Id.*, a las págs. 8-9.
[6] *Id.*, a la pág. 10
[7] *Id.*, a las págs. 12-13.
[8] *Id.,* a la pág. 12.

emitir una *Resolución de Reconsideración* a partir de la notificación del mencionado documento. Igualmente, apercibió al señor Fuentes Enriquez que, de no estar de acuerdo con dicha resolución, podría solicitar una revisión judicial a partir de la notificación la resolución en cuestión.

No obstante, el 25 de abril de 2024, sin haberse vencido el término del DCR para emitir su resolución, el recurrente compareció ante esta Curia mediante una *Solicitud de Revisión Judicial.* En ella, nos solicitó la revisión de su denegatoria a su solicitud y formuló el siguiente párrafo como señalamiento de error:

> La administración de la Institución Penal de Bayamón anexo 292 y su superintendente, erró al denegar una petición fiel y digna y sustentada con documentación fiel y digna más allá de duda razonable, a conciencia, Erró.
> Erró la fecha del documento Respuesta al Miembro de la Población Correccional fechada 3/6/2024. De ser así, alegadamente, erró la respuesta del área concernida superintendente. Erró al fechar el documento, el 28 de febrero de 2024 y el documento anterior a este fechado el 3 de junio de 2024.[9]

Examinado el recurso, el 14 de mayo de 2024, emitimos una *Resolución* en la cual, entre otras cosas, le solicitamos al DCR a que suministrara copia certificada del expediente administrativo. En cumplimiento con nuestra *Resolución,* el 21 de mayo de 2024, la Oficina del Procurador General de Puerto Rico compareció en representación del DCR mediante una *Moción en Cumplimento de Resolución,* en la cual nos suministró la copia del expediente administrativo previamente solicitado. De este se desprende que la DCR emitió la *Resolución* de la reconsideración del recurrente, la cual confirmó la respuesta que el señor Fuentes Enriquez recibió por parte del superintendente Jorge Matta Francis. Cabe destacar que dicha *Resolución* se emitió el 13 de mayo de 2024 y se le notificó

---

[9] Para una mejor compresión, hemos corregidos ciertos errores tipográficos que estaban presentes en el recurso.

al recurrente el 20 de mayo de 2024, entiéndase, una fecha posterior a la radicación del recurso ante nos.[10]

Por otro lado, mediante la misma *Resolución* del 14 de mayo de 2024, concedimos al recurrente hasta el 24 de mayo de 2024, para que sometiera debidamente cumplimentada y firmada, la solicitud para litigar en forma *pauperis* o en su defecto los aranceles correspondientes para la presentación del recurso.[11] Puntualizamos que el término decursó sin que el recurrente cumpliese con lo aquí ordenado.

Tras de haber expuesto el marco procesal, expondremos el derecho aplicable.

II

## A. Jurisdicción

La jurisdicción es el poder o la autoridad que posee un tribunal para resolver las controversias presentadas ante su consideración.[12] Los tribunales adquieren jurisdicción por virtud de ley, por lo que no pueden arrogársela ni las partes pueden otorgársela.[13] Es norma reiterada en nuestro ordenamiento, que: "los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen".[14] Es norma reconocida que las cuestiones relativas a la jurisdicción de los tribunales para atender los recursos ante su consideración constituyen materia privilegiada.[15] De manera que, debido a su naturaleza privilegiada, las cuestiones de jurisdicción deben ser resueltas con preferencia, ya sea porque fuera

---

[10] Apéndice de la parte recurrida, a las págs. 14-16.

[11] 4 LPRA Ap. XXII-B, R.78.

[12] *AAA v. Unión Independiente Auténtica de Empleados de la AAA*, 199 DPR 638, 651-52 (2018).

[13] *Ríos Martínez, Com. Alt. PNP v. CLE*, 196 DPR 289, 296 (2016).

[14] *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007); *Ríos Martínez, Com. Alt. PNP v. CLE, Id.*

[15] *AAA v. Unión Abo. AAA*, 158 DPR 273, 279 (2002).

cuestionada o motu proprio, pues, incide directamente sobre el poder que tiene para adjudicar las controversias.[16]

Por tal motivo, cuando un tribunal carece de jurisdicción, debe declararlo y desestimar la reclamación sin entrar en sus méritos.[17] De lo contrario, cualquier dictamen en los méritos será nulo y, por ser *ultra vires*, no se puede ejecutar.[18] Es decir, una sentencia, dictada sin jurisdicción por un tribunal, es una sentencia nula en derecho y, por lo tanto, inexistente.[19]

Como corolario de lo anterior, el Tribunal Supremo de Puerto Rico ha desarrollado el principio de la justiciabilidad, el cual recoge una serie de doctrinas de autolimitación basadas en consideraciones prudenciales que prohíben al foro judicial emitir opiniones consultivas, y fue incorporado jurisprudencialmente a nuestro ordenamiento jurídico mediante el caso de *ELA v. Aguayo*, 80 DPR 552, 595 (1958).[20] La doctrina de justiciabilidad persigue evitar emitir decisiones en casos que realmente no existen o dictar una sentencia que no tendrá efectos prácticos sobre una controversia.[21] En ese contexto, un asunto no es justiciable cuando: (i) se trata de resolver una cuestión política; (ii) una de las partes carece de legitimación activa para promover un pleito; (iii) después de comenzado el litigio hechos posteriores lo tornan en académico; (iv) las partes pretenden obtener una opinión consultiva; y, (v) cuando se pretende promover un pleito que no está maduro.[22]

En nuestra función revisora, un recurso judicial es prematuro cuando el asunto del cual se trata no está listo para adjudicación; esto es, cuando la controversia no está debidamente delineada,

---

[16] *Fuentes Bonilla v. ELA*, 200 DPR 364, 372 (2018).

[17] 4 LPRA Ap. XXII-B, R. 83.

[18] *Bco. Santander v. Correa García*, 196 DPR 452, 470 (2016); *Maldonado v. Junta Planificación*, 171 DPR 46, 55 (2007).

[19] *Montañez v. Policía de Puerto Rico*, 150 DPR 917, 921-922 (2000).

[20] R. Elfrén Bernier y J.A. Cuevas Segarra, Aprobación e interpretación de las leyes en Puerto Rico, 2da ed., San Juan, Ed. Pubs. JTS, 1987, pág. 147.

[21] *Moreno Orama v. UPR*, 178 DPR 969, 973 (2010).

[22] *Crespo v. Cintrón*, 159 DPR 290, 298 (2003).

definida y concreta.[23] Como ha pronunciado reiteradamente el Tribunal Supremo, un recurso prematuro adolece del insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre.[24] Como tal, su presentación carece de eficacia y no produce ningún efecto jurídico, pues no hay autoridad judicial para acogerlo.[25]

**B. La Revisión Administrativa y la Doctrina de Agotamiento de Remedios**

El Tribunal Supremo de Puerto Rico ha sostenido que, el derecho a cuestionar la determinación de una agencia mediante revisión judicial es parte del debido proceso de ley protegido por la Constitución de Puerto Rico.[26] Para cumplir con ese principio, el artículo 4.006 (c) de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico otorga la competencia apelativa al Tribunal de Apelaciones para revisar las decisiones, órdenes y resoluciones finales de las agencias administrativas.[27]

Por otra parte, en nuestro ordenamiento jurídico, la doctrina sobre el agotamiento de remedios administrativos es una norma de autolimitación judicial de carácter fundamentalmente práctico.[28] Mediante esta doctrina, los tribunales discrecionalmente se abstienen de revisar una actuación de una agencia hasta tanto la persona afectada agota todos los remedios administrativos disponibles, de forma tal que la decisión administrativa refleje la posición final de la entidad estatal.[29] A través de la sección 4.2 de la

---

[23] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *Juliá et al. v. Epifanio Vidal, S.E.,* 153 DPR 357, 366-367 (2001).
[24] *Juliá et al. v. Epifanio Vidal, S.E., Id.*, 365.
[25] *Id.*, 366.
[26] *Asoc. Condómines v. Meadows Dev.*, 190 DPR 843, 847 (2014); *Picorelli López v. Depto. de Hacienda,* 179 DPR 720, 736 (2010).
[27] Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201-2003, según enmendada, 4 LPRA sec. 24y(c), Art. 4.006. *Asoc. Condómines v. Meadows Dev., Id.*
[28] *Ofic. Proc. Paciente v. Aseg. MCS,* 163 DPR 21, 35 (2004).
[29] *Id.*

LPAU[30], se expone lo que se conoce como la doctrina de agotamiento de remedios administrativos.[31]

> Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración.[32]
> […]

Esta doctrina tiene como propósito evitar que surja una intervención judicial innecesaria e inoportuna que pueda interferir con el curso y la culminación normal del procedimiento administrativo.[33] En otras palabras, "el agotamiento de remedios presupone la existencia de un procedimiento administrativo que comenzó, o debió haber comenzado, pero que no finalizó porque la parte concernida recurrió al foro judicial antes de que se completase el referido procedimiento administrativo".[34]

### III

Como cuestión de umbral, antes de entrar a considerar los méritos de un recurso de revisión judicial, debemos atender el aspecto jurisdiccional. El Tribunal Supremo de Puerto Rico ha reiterado que el aspecto jurisdiccional es el primer factor por considerar en toda situación jurídica que se presente ante un foro adjudicativo.[35] Esto se debe a que los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción, así como la del foro de donde procede el recurso

---

[30] Ley Núm. 38-2017, secc. 4.2, 3 LPRA § 9672.
[31] *Moreno Ferrer v. Junta Reglamentadora del Cannabis Medicinal*, 209 DPR 430, 435 (2022).
[32] Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38 de 30 de junio de 2017, según enmendada, §4.2, 3 LPRA § 9672.
[33] *Moreno Ferrer v. Junta Reglamentadora del Cannabis Medicinal, supra.*
[34] *Id.,* 436.
[35] *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 500 (2019).

ante su consideración.[36] **Si el tribunal no tiene jurisdicción, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia**.[37] Es decir, procede la inmediata desestimación del recurso apelativo según lo dispuesto en las leyes y los reglamentos para el perfeccionamiento de estos recursos.[38]

Es de ver que, conforme a la relación procesal del caso que antecede, el recurso instado ante nos fue presentado por el DCR previo a emitir su *Resolución* en reconsideración, para la cual estaba en término de así y hacerlo. Este dato pudo ser constatado al estudiar el expediente administrativo, presentado por el DCR a requerimiento de este Tribunal. Por otro lado, aun cuando este Tribunal ordenó al DCR, por conducto de la Oficina del Procurador General a expresarse en torno al recurso del título, dada la situación antes expuesta y cónsono a la Regla 7(B)(5) del Reglamento de este Tribunal, prescindimos del mismo puesto a que se hace innecesario. Lo anterior es claro, tras el hallazgo que revela que el recurso ante nos fue presentado de forma prematura. Así, un cuidadoso examen del recurso de recurso ante nuestra consideración, incluyendo la revisión de los documentos provistos por las partes, revela que el mismo no cumple con los requisitos exigidos por nuestro para atenderlo. Veamos

Surge del expediente que, el 16 de abril de 2024, el DCR acogió la solicitud de reconsideración del recurrente y a su vez, apercibió de que tendría un término de treinta (30) días laborables para emitir su resolución. Nótese, además, que fue el **19 de abril de 2024**, la fecha en que el recurrente fue notificado de lo anterior. El DCR notificó que sería desde el momento de la notificación de esa

---

[36] *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 268 (2018).
[37] *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014).
[38] *Torres Alvarado v. Madera Atiles*, supra.

resolución que comenzaría a transcurrir el término para entonces acudir a esta Curia mediante un recurso de revisión judicial.

La *Resolución* de la reconsideración se emitió el **13 de mayo de 2024,** y se le notificó al recurrente **el 20 de mayo de 2024.** Nótese que, es a partir de esta fecha, que el señor Fuentes Enriquez podía acudir ante esta Curia y **no antes**. Sin embargo, el recurrente presentó su revisión judicial, **el 25 de abril de 2024,** sin haberse agotado todos los remedios administrativos y sin recurrir de una resolución final. Por tal motivo, es forzoso concluir que el presente recurso fue presentado de forma prematura, por lo cual carecemos de jurisdicción para atenderlo.

IV

Por los fundamentos que anteceden, se *desestima* el recurso por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones